· PER CURIAM.

(No. 5483—Claimant 

INTERSTATE BAKERIES CORPORATION, A Delaware Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1974.*

GRAHAM & GRAHAM, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, Interstate Bakeries Corporation, seeks recovery of $5,241.57 for damages to one of its tractor-trailers involved in an accident on U.S. Route 36 at the intersection of Clearlake Village Road on September 26, 1966. Claimant contends that the State of Illinois was negligent in failing to remove an accumulation of oil from the highway and in failing to post a warning of the

possible existence of the oil, which omissions are alleged to have proximately caused the accident.

On September 26, 1966, Henry Johnson, a truck driver employed by Claimant, was driving a 1965 Chevrolet tractor and a 1959 Fruehoff semi-trailer westbound on U.S. Route 36. Johnson, who had been driving similar trailor-trailers for over twenty-five years, was returning his empty trailer to Springfield after having made a delivery in Decatur, Illinois.

At approximately 3:00 a.m. as a light rain began falling, Johnson approached the intersection of Route 36 and Clearlake Village Road. He testified that he was traveling about forty-five miles per hour. As he reached the intersection, his rig hit two large bumps in the road and an oil slick. He lost traction on the oil, and his wheels locked. Johnson testified that he attempted to control the rig, but it jackknifed and skidded across the lane of oncoming traffic into an embankment where it overturned.

Mrs. Richard Hooper, who lived near the scene of the accident, was awakened by the crash and rendered aid to Johnson. She testified that when she arrived at the crash site she saw another westbound tractor-trailer also lose control at the intersection of Route 36 and Clearlake Village Road and narrowly avoid an accident.

This second tractor-trailer was driven by one Orvand R. Bolting. He testified that as he approached the intersection he saw Claimant's overturned tractor-trailer, and he began to slow his own rig. He said that as he applied his brakes his rig skidded and jackknifed, but that he managed to bring it under control. After coming to a stop, he inspected the highway at the Clearlake Village Road intersection and found that puddles of oil had collected on Route 36.

Robert Walsh, the Illinois State Trooper who first arrived at the accident scene, testified that while still pinned in the wreckage Johnson complained to him that the road was slick. He said that he later talked to Johnson in the hospital where he was taken; and Johnson told him that it was possible that he had "dozed off for a split second." Walsh also stated that he did not observe any skid marks at the scene, and that it did not appear to him that Claimant's rig had jackknifed.

Clarence Samonds, a resident of Clearlake Village, testified that in early September, 1966, the roads in the village had been oiled. When this was done on prior occasions, the roads were sanded, scarified, and rolled to insure that the oil did not accumulate. These steps were not taken in September, 1966, and Samonds testified that oil accumulated on the roads "just like a duck pond."

Shortly after the oil was applied, Samonds noticed that cars coming from the village onto Route 36 were tracking oil onto the highway. On September 4, 1966, Samonds notified both the Sheriff of Sangamon County, Illinois, and the State of Illinois Bureau of Roads that oil was accumulating on Route 36 and creating a dangerous condition.

Shortly after receiving Samond's complaint, the Illinois Bureau of Roads dispatched a maintenance crew to the site. The crew scraped the excess oil off of Route 36 and placed several loads of sand over the highway at the intersection with Clearlake Village Road. Raymond Sklenka, the State employee in charge of maintaining Route 36 at the accident site, supervised this maintenance crew. He testified that he observed cars coming from Clearlake Village track oil on the highway. He further testified that his crew subsequently returned to sand the intersection "three to five times," but he was

unable to recall when the intersection was last sanded before the accident.

Sklenka also testified that no warning signs were ever placed near the intersection to warn of a possible accumulation of oil on the highway.

The State is not an insurer of all accidents which occur on a highway. *Schunk* v. *State of Illinois*, 25 C.C.R. 209, 213. However, the State does have an obligation to keep its roads in a reasonably safe condition; and the State has a further duty to place adequate signs warning of unusual conditions which motorists may encounter. *Breens* v. *State of Illinois*, 21 C.C.R. 83; *Miller* v. *State of Illinois*, 22 C.C.R. 68.

Claimant has shown by a preponderance of the evidence, that the State breached its duty to keep Route 36 in a reasonably safe condition and to warn users of the highway of the possible existence of an accumulation of oil. On September 6, 1966, immediately after the roads in Clearlake Village were oiled, Clarence Samonds notified the Bureau of Roads that cars were tracking oil onto Route 36 and creating a dangerous condition. A maintenance crew scraped and sanded the road, and later returned to the intersection "three to five times" to deal with subsequent accumulations of oil. It is to be noted that the State employees who sanded the road were unable to state when the sanding occurred.

It is thus clear that the State had actual notice on September 4, 1966, that cars from Clearlake Village were tracking oil onto Route 36 where it was accumulating and causing a dangerous condition. It is equally clear, given the fact that a maintenance crew had to return to the site "three to five times," that the State knew that this was a recurring condition. Although the State did make efforts to correct the condition, the re-

curring accumulation of oil at the intersection should reasonably have put the State on notice that its maintenance was ineffective. At the very least the State should have posted warnings alerting motorists of a possible accumulation of oil at the intersection.

This Court finds that the State was negligent in permitting oil to accumulate on Route 36 and in failing to post a warning of its presence. The Court further finds that these omissions proximately caused the damage to Claimant's tractor-trailer.

The parties have stipulated that the accident resulted in $5,241.57 in damages to Claimant's tractor-trailer.

Claimant is awarded damages in the amount of $5,241.57.